IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No. 5:01-0084 (CMC) |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Timothy Gadson, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on remand from the Fourth Circuit Court of Appeals, in light of that court's decision in *United States v. Gravatt*, 953 F.3d 258 (4th Cir. March 23, 2020). ECF No. 425. The court in *Gravatt* held a conviction for violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) is a "covered offense" under the First Step Act of 2018. *See* First Step Act, § 404(a), Pub. L. No. 115-391, 132 Stat. 5194.

Because Defendant's conviction is for a covered offense, this court now reviews Defendant's First Step Act motion on the merits, applying its discretion under Sections 404(b) and (c) of that Act.[1] *Id.* at § 404(b), (c). In doing so, the court considers the factors in 18 U.S.C. § 3553(a), as well as post-sentencing conduct. Those factors are addressed below.

1. <u>Nature of the Offense</u>

Defendant and a co-defendant, Darron Owens, operated a cocaine and crack distribution organization in Orangeburg, South Carolina, from 1987 through 2001. They purchased kilogram

---

[1] Section 404(b) indicates that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404(b). Section 404(c) provides that "nothing in this section is to be construed to require a court to reduce any sentence" under the Act. § 404(c).

quantities of cocaine in Georgia, Texas, and Florida and resold them in Orangeburg to mid-level drug dealers. Defendant was considered a leader or organizer of the conspiracy, and obstructed the investigation and prosecution of the case by having a confidential informant murdered by Owens. A jury found Defendant guilty of the drug conspiracy in Count 1, and Defendant was sentenced to Life imprisonment without parole.

2. History and Characteristics

At the time of the offense, Defendant was 33 years old. He was a high school dropout and drug abuser. He had prior convictions for possession of marijuana, involuntary manslaughter (reduced from murder), possession of crack cocaine with intent to distribute, criminal domestic violence, failure to stop for a blue light, habitual traffic offender, and driving under suspension. He committed the instant offense less than two years after being released from imprisonment for a prior offense, and had a Category VI criminal history based on 15 criminal history points. He was married with five children at the time of his sentencing. Defendant is now 51 years old.

3. Need to Avoid Unwarranted Sentencing Disparities

The court has reviewed the sentences imposed on other members of this conspiracy and finds no unwarranted sentencing disparity between Defendant's current Life sentence and the sentences ultimately imposed on others. Defendant's sentence is significantly higher than his co-conspirator's sentences who participated only in the drug conspiracy, but that is to be expected as he ranked higher in the organization than any other co-defendant and ordered the murder of a confidential informant, which drove his sentence. Owens, his lieutenant, committed the murder

2

and also received a Life sentence. Reducing Defendant's sentence would create an unwarranted sentencing disparity.[2]

4. Post-Sentencing Conduct

Defendant has been in custody since March 13, 2001 and does not have a projected release date due to his Life sentence. He has had six disciplinary infractions during his incarceration: possession drugs/alcohol in 2012, refusing to obey an order in 2011, being absent from assignment in 2011, possessing intoxicants in 2011, possessing intoxicants in 2008, and possessing intoxicants in 2005. Only one of these, the possession of drugs/alcohol, was a 100-level offense.[3]

BOP records reflect that Defendant has taken numerous educational and vocational courses, and worked in Unicor. He appears to have engaged in leadership, mentoring and volunteer activities. He has received several awards. His letter to the court reflects remorse for his conduct.

5. Kinds of Sentences available and Sentencing Range Established

Defendant's Guideline remains Life imprisonment.[4] The statutory penalty range remains 20 years to Life and at least 10 years' supervised release.

---

[2] The court performed a proportionality analysis at the time of sentencing (ECF No. 232 at 47-57), and again concludes a Life sentence remains proportional for a drug kingpin who procures the death of a Government informant.

[3] According to the BOP, 100-level offenses are the most serious; 200-level offenses are moderately serious, and 300-level offenses are the least serious.

[4] At the time of Defendant's sentencing, the Guideline was mandatory. In considering Defendant's First Step Act motion, the court has weighed an advisory Guideline of Life imprisonment, the § 3553(a) factors, and Defendant's post-sentencing conduct.

3

6. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and adequately deter Defendant and others.</u>

Defendant procured the cold-blooded murder of a Government informant in order to silence him. He was head of a drug trafficking organization. He has a Category VI criminal history apart from his status as a career offender.[5] While he has engaged in notable self-improvement in the BOP, the court finds the seriousness of the offense, a need to promote respect for the law, and considerations of just punishment and deterrence counsel against a reduced sentence.

## CONCLUSION

The court, after considering the § 3553(a) factors and post-sentencing conduct, exercises its discretion not to reduce Defendant's sentence of Life imprisonment. This sentence is at the advisory Guideline range and is sufficient but not greater than necessary to achieve the purposes of sentencing.

**IT IS SO ORDERED.**

<u>s/Cameron McGowan Currie</u>
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 13, 2020

---

[5] Defendant argues he would not be a career offender if sentenced today, as one of his predicate convictions was for failure to stop for a blue light. However, Defendant's advisory Guideline sentence is based on the murder cross-reference (U.S.S.G §§ 2D1.1(d)(1); 2A1.1), not his career offender status. Moreover, his criminal history category is VI, apart from career offender status. Defendant also argues a Life sentence perpetuates a crack/powder disparity, and a racial disparity. There is no basis for either contention. Quite simply, Defendant's Life sentence is a result of the murder of Maurice Lott.